UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK CIVIL LIBERTIES UNION,

                              Plaintiff,

              -v-

ADMINISTRATION FOR CHILDREN AND
FAMILIES, OFFICE OF REFUGEE
RESETTLEMENT, and UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

                              Defendants.

20 Civ. 183

**ANSWER**

Defendants the Administration for Children and Families, Office of Refugee

Resettlement ("ORR") and the United States Department of Health and Human Services ("HHS"

or collectively "Defendants"), by their attorney, GEOFFREY S. BERMAN, United States

Attorney for the Southern District of New York, hereby answer the Complaint of Plaintiff New

York Civil Liberties Union ("Plaintiff") upon information and belief as follows:

1.        The allegations contained in Paragraph 1 of the Complaint constitute a

characterization of this action and the relief requested by Plaintiff, to which no response is

required.  To the extent a response is deemed required, Defendants deny the allegations, except

admit that this action is putatively brought under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552.

2.        Defendants admit that ORR is an office within HHS's Administration for

Children and Families.  The remaining allegations contained in Paragraph 2 of the Complaint

consist of legal conclusions and Plaintiff's characterizations of, and arguments relating to, ORR

and its statutory mandate, to which no response is required.  To the extent a response is deemed

required, Defendants respectfully refer the Court to the relevant statutes and regulations for a

complete and accurate description of the ORR's responsibilities and deny any inconsistent statements thereto.

3.      The allegations contained in Paragraph 3 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a grant program and have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants deny the allegations therein.

4.      Deny the allegations contained in Paragraph 4 of the Complaint, except admit that Plaintiff submitted a FOIA request dated August 12, 2019, and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents.

5.      The allegations contained in Paragraph 5 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required, deny that Plaintiff is entitled to the relief requested, or any other relief.

6.      The allegations contained in Paragraph 6 of the Complaint consist of legal conclusions to which no response is required.

7.      The allegations contained in Paragraph 7 of the Complaint consist of legal conclusions to which no response is required.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Admit that HHS is an agency of the executive branch of the United States government headquartered in the District of Columbia.  The remaining statements in Paragraph 9 of the Complaint contain no factual allegations to which a response is required.

10.     Admit that that the Administration for Children and Families is an operating division of HHS headquartered in the District of Columbia.  The remaining statements in Paragraph 10 of the Complaint contain no factual allegations to which a response is required.

11.     Admit that the ORR is an office within the Administration for Children and Families headquartered in the District of Columbia.  The remaining statements in Paragraph 11 of the Complaint contain no factual allegations to which a response is required.

12.     The allegations contained in Paragraph 12 through Paragraph 17 of the Complaint, under the heading "ORR's Role in Caring for Unaccompanied Children," consist of legal conclusions, Plaintiff's characterizations of, and arguments relating to, ORR and its statutory mandate, and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant statutes and regulations for a complete and accurate description of the ORR's responsibilities and deny any inconsistent statements thereto.

13.     The allegations contained in Paragraph 18 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a grant program and have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

15.     The allegations contained in Paragraph 20 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a U.S. Immigration & Customs Enforcement ("ICE") grant program and have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants assert

3

that ICE is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     The allegations contained in Paragraph 21 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a U.S. Immigration & Customs Enforcement ("ICE") grant program and have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants assert that ICE is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     The allegations contained in Paragraph 22 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a U.S. Immigration & Customs Enforcement ("ICE") grant program and have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants assert that ICE is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     The allegations contained in Paragraph 23 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a U.S. Immigration & Customs Enforcement ("ICE") grant program, legal conclusions, and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants assert that ICE is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations.

19.     The allegations contained in Paragraph 24 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a U.S. Immigration & Customs Enforcement

("ICE") grant program and legal conclusions; no response is accordingly required.  To the extent a response is deemed required, Defendants deny the allegations contained therein.

20.     Paragraph 25 of the Complaint consists of Plaintiff's characterization of, and arguments relating to, a Northern District of California decision and U.S. Court of Appeals for the Ninth Circuit decision, to which no response is required.  Defendants respectfully refer the Court to the referenced decisions for their true and complete contents, and deny any allegation inconsistent with those decisions.

21.     The allegations contained in Paragraph 26 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a U.S. Immigration & Customs Enforcement ("ICE") grant program and have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants assert that ICE is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     The allegations contained in Paragraph 27 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a DOJ grant program, legal conclusions, and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants assert that DOJ is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     The allegations contained in Paragraph 28 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a DOJ grant program and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required. To the extent a response is deemed required, Defendants assert that DOJ is not a party to this

5

action and deny knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations refer to documents attached to the Complaint, Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

24.     The allegations contained in Paragraph 29 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a DOJ grant program and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required. To the extent a response is deemed required, Defendants assert that DOJ is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations refer to documents attached to the Complaint, Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

25.     The allegations contained in Paragraph 30 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a DOJ grant program and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required. To the extent a response is deemed required, Defendants assert that DOJ is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations refer to documents attached to the Complaint, Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

26.     The allegations contained in Paragraph 31 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a DOJ grant program and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required.

To the extent a response is deemed required, Defendants assert that DOJ is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations refer to documents attached to the Complaint, Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

27.     The allegations contained in Paragraph 32 of the Complaint consist of Plaintiff's characterization of, and arguments relating to, a DOJ grant program and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required. To the extent a response is deemed required, Defendants assert that DOJ is not a party to this action and deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations refer to documents attached to the Complaint, Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

28.     The allegations contained in Paragraph 33 of the Complaint consist of Plaintiff's characterizations of, and arguments relating to, ORR and its statutory mandate, and other assertions which have no bearing on the FOIA claim asserted in this action; no response is accordingly required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant statutes and regulations for a complete and accurate description of the ORR's responsibilities and deny any inconsistent statements thereto.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

7

31.     In response to Paragraph 36, admit that Plaintiff submitted a FOIA request dated August 12, 2019, and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents, and deny any inconsistent statements thereto.

32.     In response to Paragraph 37, admit that Plaintiff submitted a FOIA request dated August 12, 2019, and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents, and deny any inconsistent statements thereto.

33.     In response to Paragraph 38, admit that Plaintiff submitted a FOIA request dated August 12, 2019, and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents, and deny any inconsistent statements thereto.

34.     In response to Paragraph 39, admit that Plaintiff submitted a FOIA request dated August 12, 2019, and respectfully refer the Court to the FOIA request for a complete and accurate statement of its contents, and deny any inconsistent statements thereto.

35.     Admit the allegations contained in Paragraph 40 of the Complaint.

36.     Deny the allegations contained in Paragraph 41 of the Complaint, except admit that Defendants have not, to date, produced any responsive records, and affirmatively assert that Defendants' review and processing of records potentially responsive to Plaintiff's FOIA request is ongoing.

37.     The allegations contained in Paragraph 42 of the Complaint are legal conclusions to which no response is required.

38.     In response to Paragraph 43, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements thereto.

39.      Deny the allegations contained in Paragraph 44 of the Complaint, except admit that, as of the date of the Complaint, Defendants had not responded to the September 13, 2019, or October 21, 2019 letters.

40.      Paragraph 45 consists of legal conclusions, to which no response is required.

41.      Paragraph 46 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, HHS denies that Plaintiff is entitled to the relief it seeks or to any relief.

## DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed in whole or in part for failure to state a claim on which relief may be granted.

### SECOND DEFENSE

Some or all of the requested documents are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

### FIFTH DEFENSE

Plaintiff is not entitled to attorneys fees under 5 U.S.C. § 552(a)(4)(E).

**SIXTH DEFENSE**

To the extent that HHS has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist, Defendants should be allowed additional time to process the request.  5 U.S.C. § 552(a)(6)(C).


Defendants may have additional defenses which are not known at this time but which may become known through further proceedings.  Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

 Dated: New York, New York
         March 16, 2020

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney of the
                                        Southern District of New York

                              By:       _____
                                        Jennifer C. Simon
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2746
                                        E-mail: Jennifer.Simon@usdoj.gov