April 7, 2020

**Via ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *N.Y. Civil Liberties Union v. Admin. for Children & Families*,
        **20 Civ. 183 [rel. 19 Civ. 5483]**

Dear Judge Vyskocil:

Pursuant to the Court's orders dated February 7 and March 18, 2020 (ECF Nos. 20, 22), the Plaintiff submits this joint letter on behalf of the parties to this action in conjunction with the parties' proposed Case Management Plan.

1. **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case.**

**Plaintiff's Statement:**

Plaintiff the New York Civil Liberties Union brings this action under the Freedom of Information Act ("FOIA") to compel the Defendants to release records concerning the Office of Refugee Resettlement's ("ORR") involvement in a federal law enforcement grant program.  That multi-million-dollar program requires each grantee law enforcement agency to establish an information-sharing pipeline with ORR, the federal agency entrusted with caring for migrant children who arrive in the United States unaccompanied.  *See* Ex. A to Compl., 8 (ECF No. 1-1). Though ORR is not a law enforcement agency and is required to act in the best interest of children in its custody, the Plaintiff contends the grant program improperly leverages ORR's relationship with unaccompanied children to target them for deportation.  *See* Compl. ¶¶ 1, 3 (ECF No. 1).

The Plaintiff originally filed the FOIA request at issue in this litigation on August 12, 2019, and simultaneously applied for expedited processing based on the NYCLU's status as an organization "primarily engaged in disseminating information" and the importance of "inform[ing] the public about the government's continuing effort to classify unaccompanied children as gang members and about ORR's role in this effort."  *See* Ex. B. to Compl., 4–5 (ECF No. 1-2).  In the five ensuing months prior to this litigation, the Defendants did not respond to the Plaintiff's FOIA request or appeal letters dated September 13 and October 21, 2019, *See* Exs. C & D to Compl. (ECF Nos. 1-3, 1-4).

**Defendants' Statement:**

Plaintiff commenced this FOIA action on January 9, 2020, seeking certain records related to Office of Refugee Resettlement's involvement in a federal law enforcement grant program. Defendants filed their Answer to the Complaint on March 16, 2020 (Dkt. No. 21), and respectfully refer the Court to the answer for responses to Plaintiff's allegations.

Plaintiff's FOIA request is being handled by the FOIA Office of the Administration for Children and Family Services ("ACF").  ACF is an operating division of the U.S. Department of Health and Human Services ("HHS").  To date, ACF has completed its search and identified 3,726 records that are potentially responsive to Plaintiff's FOIA request.  ACF has begun its review of these records to identify responsive, non-exempt records for production to Plaintiffs and anticipates being able to review 200 pages per month.  Defendants anticipate producing the first set of responsive, non-exempt records on or before May 15, 2020.

As Defendants have not yet produced records to Plaintiff, the parties are not yet in a position to evaluate whether there are any disputes relating to claimed exemptions or other issues.

2. **A brief statement by the plaintiff . . . as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue.**

The Plaintiff contends the Court has subject-matter jurisdiction pursuant to FOIA, *see* 5 U.S.C. § 552 *et seq.*; the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*; and 28 U.S.C. § 1331. The Plaintiff further contends venue lies properly in the Southern District of New York under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).  Defendants do not challenge the Court's subject matter jurisdiction over this action to the extent Plaintiff seeks relief authorized under FOIA, 5 U.S.C. § 552.

3. **A statement of procedural posture and upcoming deadlines, including**

    a. **A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the status conference;**

With the Plaintiff's consent, Defendants sought and received an extension of their time to respond to the complaint; an adjournment of the initial status conference until after any extended answer date; and an extension of the parties' time to file their joint pre-conference letter until seven days before any adjourned initial status conference.  *See* Order, dated February 7, 2020 (ECF No. 19).

On March 18, 2020, the Court adjourned the initial status conference *sine die* and ordered the parties to file a proposed case management plan by today.  *See* Order, dated March 18, 2020 (ECF No. 22).

If the parties cannot agree upon a production schedule and otherwise resolve this matter through negotiations, the Plaintiff anticipates this litigation can be resolved on summary judgment.

    **b. A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future;**

To date, no discovery has taken place in this case. The Plaintiff does not currently anticipate propounding discovery but notes that discovery in FOIA litigation is appropriate under certain circumstances and, accordingly, reserves the right to seek discovery. *See, e.g.*, *Carney v. U.S. Dep't Justice,* 19 F.3d 807, 812–13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate"); *The Few, the Proud, the Forgotten v. U.S. Dep't Veterans Affairs*, 254 F. Supp. 3d 341, 365 (D. Conn. 2017) (granting limited discovery on the issue of the adequacy of defendant's searches for responsive information); *Landmark Legal Foundation v. Envtl. Prot. Agency*, 959 F. Supp. 2d 175, 177 (D.D.C. 2013) (same).

Defendants similarly do not anticipate discovery in this matter and further note that "discovery of any type is generally not allowed in FOIA proceedings." *Pinson v. DOJ*, 55 F. Supp. 3d 80, 82 (D.D.C. 2014); *accord Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008); *see Freedom Watch v. Bureau of Land Mgmt.*, 220 F. Supp. 3d 65, 68 (D.D.C. 2016) (discovery is "both rare and disfavored" in FOIA actions); *see also Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 962 F. Supp. 2d 472, 478 (E.D.N.Y. 2013) ("discovery is not favored in lawsuits under the FOIA" (brackets and quotation marks omitted)), *aff'd*, 811 F.3d 542 (2d Cir. 2016); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) ("In FOIA actions . . . discovery is disfavored."), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012) (unpublished); *Harrison v. Fed. Bureau of Prisons*, 681 F. Supp. 2d 76, 80 (D.D.C. 2010) (same); *Thomas v. Dep't of Health & Human Servs.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) (discovery is "an extraordinary procedure" in a FOIA case); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.").

    **c. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have conferred on several occasions since the filing of this lawsuit but have not come to an agreement on a production schedule. Accordingly, the parties believe a conference, at the Court's earliest convenience, may prove useful.

**Plaintiff's Statement**

The Plaintiff requests that production begin within one month and believes a production rate of 700 pages per month is reasonable and warranted under the circumstances. For approximately five months before the filing of this litigation, the Defendants failed even to acknowledge the Plaintiff's request, despite their obligation to respond within ten calendar days. *See* 45 C.F.R. § 5.27. In almost eight months since the Plaintiff originally filed its request and sought expedited processing, the Defendants have failed to release a single record.

Even with respect to FOIA requests for which expediting processing is *not* sought, courts frequently require agencies to process records at rates of approximately 500 pages per month. *See Middle E. Forum v. U.S. Dep't of Homeland Sec.,* 297 F. Supp. 3d 183, 187, n.3 (D.D.C. 2018) (collecting cases finding that 500 pages per month is an appropriate processing rate). Where, as here, a requester has sought expedited processing, courts often impose significantly more demanding production rates. *See, e.g., Leadership Conference on Civil Rights v. Gonzales,* 404 F.Supp.2d 246, 260–61 (D.D.C.2005) (requiring DOJ to expedite the plaintiff's FOIA request and produce the requested documents within ten months); *Elec. Privacy Info. Ctr. v. Dep't of Justice,* Civ. No. 05–845, slip op. at *4–5 (D.D.C. Nov. 13, 2005) (noting that the agency's processing of the plaintiff's expedited request was "unnecessarily slow and inefficient" and ordering the agency to process 1500 pages every 15 calendar days until processing is complete); *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262 (D.D.C. 2014) (ordering FBI to process 5,000 documents per month).

The Defendants' proposed processing rate of 200 pages per month[1] falls well below the norm and will ensure the Plaintiff's request is not fulfilled until December 2021, over 28 months from the date of the original FOIA request. Such a result, particularly with respect to a request for which the Plaintiff duly sought expedited processing, would frustrate Congress' basic purpose in enacting FOIA.

The Court should decline to defer to the Defendants' largely unsubstantiated representation that a faster processing rate is infeasible. "[C]ourts have the authority, and perhaps the obligation, to scrutinize closely agency delay." *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (citing *Leadership Conference on Civil Rights v. Gonzales*, 404 F.Supp. 2d 246, 260–61 (D.D.C. 2005). The caselaw "implicitly reject[s] the notion that the decision of practicability is to be determined solely by the agency" and places the burden on the agency "to present[] credible evidence that disclosure [in a timely manner] is *truly* not practicable." *Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 38–39 (emphasis added).

To justify their delay, the Defendants rely primarily on a purported increase in the total number of FOIA requests received by ACF since at least 2018. But that raw data does not identify how many of those requests sought expedited processing or, therefore, how many were entitled to priority processing like the Plaintiff's request at issue here. Nor does a foreseeable increase in FOIA requests that began well over a year ago justify the agency's failure to ensure adequate staffing in the intervening period.

**Defendants' Statement:**

As noted above, the FOIA Office of the Administration for Children and Family Services anticipates being able to review 200 pages of the identified, potentially responsive documents per month. Although Defendants concede that, in the past, it has been possible to review a greater number of pages, current circumstances do not make this feasible. In particular, the number of FOIA requests directed to the agency have increased dramatically. In 2016 and 2017, there were

---

[1] The Defendants previously represented to the Plaintiff that a faster processing rate of 100 pages during the first month of production and 250 pages thereafter was feasible.

240 and 283 FOIA requests, respectively.  In 2018, however, the number of requests more than doubled to 580, and ACF received a further 405 requests in 2019. The ACF FOIA Office is made up of two staff members who handle these cases.  Although a third staff member was recently hired, that third employee is not yet in a position to handle cases in litigation.  Furthermore, the ACF FOIA Office staff is presently working remotely due to the public health crisis caused by the COVID-19 virus.  The agency has advised this Office that, although it is currently possible to continue reviewing records, the review software is impacted by delays and network outages due to the number of remote users accessing the network across the entirety of HHS.

**4.     Any other information the parties believe may assist the Court in resolving the action.**

The parties have no further information to provide the Court at this time.


Respectfully submitted,


NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION

By:     *Antony P.F. Gemmell*

Antony Gemmell
Jessica Perry
125 Broad Street, 19th Floor
New York, New York 10004
212-607-3320
agemmell@nyclu.org

*Counsel for the Plaintiff*